# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| HY-VEE, Inc. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-0890-CV-W-DW |
| | ) | |
| DAN COOK and | ) | |
| THERESE COOK, | ) | |
|     Defendants. | ) | |

## DEFAULT JUDGMENT

Before the Court is Plaintiff Hy-Vee's Motion for Entry of Default Judgment (Doc. 6) as to Defendant Dan Cook. Defendant Dan Cook has filed no opposition to the pending motion.

The Court finds as follows:

1. On October 27, 2006, Plaintiff Hy-Vee, Inc. filed a Complaint for Reimbursement Pursuant to 29 U.S.C. §§ 1001-1461 naming Dan Cook as a Defendant. On October 27, 2006, summons was issued. On March 21, 2007, summons was reissued.

2. On April 3, 2007, a private process server filed return of service showing personal service on Defendant Dan Cook.

3. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A) Defendant Dan Cook had 20 days after date of service to answer. Thus, Defendant Dan Cook's answer was due by April 23, 2007. Defendant Dan Cook has filed no answer or responsive pleading.

4. Defendant Dan Cook is in default.

5. This action involves a federal question of law in that Plaintiff is seeking interpretation and enforcement of its rights under 29 USC §§ 1001-1461 (also

known as the Employee Retirement Income Security Program or ERISA) and jurisdiction is proper pursuant to 28 USC § 1331.

6. Defendant Therese Cook was an employee of Hy-Vee, Inc. and participant in Hy-Vee and Affiliates Benefit Plan and Trust, Hy-Vee, Inc.'s employee benefit plan, on September 18, 2003.

7. Plaintiff Hy-Vee, Inc.'s Hy-Vee and Affiliates Benefit Plan and Trust provides employee benefits to employees and covered members of their family pursuant to 29 U.S.C. §§ 1001-1461.

8. Lindsay D. Cook is the deceased natural daughter of Dan Cook and Therese Cook.

9. Prior to her death, Lindsay D. Cook was a covered family member under Therese Cook's employee benefit plan with Hy-Vee, Inc.

10. Lindsay D. Cook was involved in a motor vehicle accident on September 18, 2003 in which she was a passenger in a vehicle driven by Travis Persall.

11. As a result of the motor vehicle accident on September 18, 2003, Lindsay D. Cook received injuries.

12. As a result of the injuries received in the motor vehicle accident on September 18, 2003, Lindsay D. Cook received medical treatment.

13. Hy-Vee and Affiliates Plan and Trust paid One Hundred Ten Thousand Five Hundred Ninety-Two Dollars and Eighty-Five Cents ($110,592.85) for medical services rendered to Lindsay Cook for the injuries she received on September 18, 2003.

14. Hy-Vee and Affiliates Plan and Trust's policy (hereafter "the Plan") provides for subrogation and reimbursement.

15. The Plan specifically states that the right of subrogation and reimbursement "applies to all rights of recovery, and not only to your right to compensation for medical expenses, or an action brought by you or on your behalf which fails to state a claim for recovery of medical expenses, shall not defeat our right of subrogation if there is any recovery on your claim."

16. Section 6 of the Plan specifically states that "[o]nce you receive benefits under this certificate arising from an illness or injury, we will assume any legal right you have to collect compensation, damages, or any other payment related to the illness or injury."

17. Pursuant to the terms of the Plan, Plaintiff is entitled to reimbursement of the benefits paid under the Plan including reimbursement from any proceeds of a wrongful death settlement reached between Dan Cook, Therese Cook, and Travis Persall and his insurance carrier.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff Hy-Vee, Inc. is entitled to recovery against Defendant Dan Cook in the amount of One Hundred Ten Thousand Five Hundred Ninety-Two Dollars and Eighty-Five Cents ($110,592.85) and that such amount is and shall be for reimbursement of amounts expended for treatment of Lindsay D. Cook under Therese Cook's employee benefit plan.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this amount shall be a lien and recoverable from the wrongful death settlement reached between Therese Cook, Dan Cook, and Travis Persall and his insurance carrier.

This Order resolves all the claims in this action in favor of Plaintiff, Hy-Vee, Inc. The Clerk of the Court is directed to mark this action as closed.


Date:  June 12, 2007                                                                /s/ Dean Whipple
                                                                                  Dean Whipple
                                                                     United States District Judge